IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRED KARNES AND <br> JANET KARNES, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Cause No. 2:16-cv-04309-MDH |
| HAPPY TRAILS RV PARK, LLC, | ) <br> ) | JURY TRIAL DEMANDED |
| CAROL A. KUCSIK, | ) <br> ) | |
| DANIEL R. KUCSIK, | ) <br> ) | |
| And | ) <br> ) | |
| HAPPY TRAILS RV CENTER, INC. | ) <br> ) | |
| Serve: | ) <br> ) | |
| Carol A. Kucsik <br> 18256 Campground Rd. <br> Phillipsburg, MO 65722 | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

COME NOW Plaintiffs Fred Karnes and Janet Karnes ("Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendants Happy Trails RV Park, LLC ("Happy Trails"), Happy Trails RV Center, Inc. ("RV Center"), Carol A. Kucsik, and Daniel R. Kucsik (collectively, "Defendants"), state as follows:

1

## NATURE OF THE CLAIM

1. Plaintiffs seek money damages, liquidated damages, costs, attorneys' fees and other relief for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Missouri Wage and Hour Laws, § 290.500, *et seq.* ("MWHL").

2. For at least three (3) years prior to the filing of this Complaint, Plaintiffs regularly worked in excess of forty (40) hours per workweek as employees of Defendants without overtime compensation. Plaintiffs' work time was primarily spent running the registers, assisting customers, stocking merchandise, performing lawn and landscaping services, maintaining outdoor facilities, and fulfilling janitorial duties.

## PARTIES

3. Plaintiffs Fred and Janet Karnes are individuals residing in Osage Beach, Missouri. Plaintiffs held the positions of "Park Manager" for Defendants, were engaged in commerce or in the production of goods for commerce, and were "employees" of Defendants as defined by 29 U.S.C. § 203(e)(1) and § 290.500(3) RSMo.

4. Plaintiffs are properly joined under Fed. R. Civ. P. 20(a)(1), as the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences and there is a question of law or fact common to both Plaintiffs specific to Defendants' wage and hour practices.

5. Defendant Happy Trails is a limited liability company engaged in interstate commerce and located at 18376 Campground Rd., Phillipsburg, MO 65722. Happy Trails is a campsite rental business whose primary source of profit derives from renting lots for recreational vehicles, campers with tents, and persons renting air-conditioned cabins. Happy Trails is an "employer" within the meaning of 29 U.S.C. § 203(d) and § 290.500(4) RSMo.

6. Defendant RV Center is a Missouri corporation engaged in interstate commerce and located at 18256 Campground Rd., Phillipsburg, MO 65722.

7. RV Center is in the business of selling recreational vehicles.

8. Defendants Happy Trails and RV Center are "employers" within the meaning of 29 U.S.C. § 203(d) and § 290.500(4) RSMo.

9. Defendants Carol Kucsik and Daniel Kucsik are co-owners, partners, members, and/or officers of Happy Trails responsible for managing and directing the business of Happy Trails, including maintaining control of Happy Trails' daily operations, pay practices, and hiring and firing decisions. Carol Kucsik and Daniel Kucsik are "employers" within the meaning of 29 U.S.C. § 203(d) and § 290.500(4) RSMo. Upon information and belief, Carol Kucsik and Daniel Kucsik reside in Camden County, Missouri.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

11. This Court also has jurisdiction over Plaintiffs' claims under Missouri law pursuant to 28 U.S.C. § 1367 in that the claims under Missouri law are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

12. This Court has personal jurisdiction over Plaintiffs because they reside in, and are citizens of, the State of Missouri.

13. This Court has personal jurisdiction over Defendant Happy Trails because it has its headquarters, and regularly transacts business, in the State of Missouri.

14. This Court has personal jurisdiction over Defendants Carol Kucsik and Daniel Kucsik because they own real estate, and regularly transact business, in the State of Missouri.

3

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District and the challenged conduct occurred in this District.

**FACTUAL ALLEGATIONS REGARDING HAPPY TRAILS**

16. Defendants hired Plaintiffs on or about June 6, 2010 as "Park Managers" pursuant to a contract for at-will employment to expire or be renewed at Defendants' discretion on December 31, 2010.

17. Defendants entered into a new contract in 2011 based on the 2010 contract and entered into a new annual contract with Plaintiffs every year thereafter up to and including 2016.

18. Pursuant to the 2010 contract and each subsequent contract, including the contract beginning January 2, 2016 ("the 2016 Contract"), Plaintiffs are required to, *inter alia*, "[e]nsure on-site supervision of the park 24 hours a day, seven days a week and make sure that all campers and visitors have paid all appropriate fees…"

19. Plaintiffs' primary job duties include: supervising the park, assisting customers, taking reservations, answering the office phone, cleaning the bathrooms and laundry room, bookkeeping, maintaining the grounds, managing the cash register, and performing other miscellaneous tasks.

20. Under the 2016 Contract, in exchange for their performance of their job duties as Park Managers, Defendants paid Plaintiffs in total a single check of $450 per week.

21. Both Plaintiffs regularly worked for Defendants in excess of forty (40) hours per workweek, and worked as many as eighty (80) or more hours in certain workweeks

22. Defendants were aware Plaintiffs regularly worked in excess of forty (40) hours per workweek in order to tend to Defendants' business on a 24-hour, seven day per week basis as

required by the 2016 contract, but did not compensate Plaintiffs for overtime at a rate of one and one-half times their regular rate of pay, in violation of the FLSA and MWHL.

23. Per the 2016 Contract, Defendants provide Plaintiffs lodging in a Happy Trails mobile home, as well as pay the office phone bill and the water utilities bill, which the 2016 contract values collectively at $300 per week.

24. Under the 2016 Contract, Plaintiffs are responsible for the electricity utilities bill and for the appropriate insurance for personal property for the mobile home where they reside.

25. The fair value of the lodging Defendants provide to Plaintiffs, based on the monthly rent cost for a similarly sized mobile home in the same area is approximately $500 per month, or $125 per week.

26. Upon information and belief, Defendants have not maintained accurate records of the costs incurred in furnishing lodging to Plaintiffs. 29 C.F.R. § 516.27.

27. The 2016 Contract additionally provides Plaintiffs can receive additional amounts of $15 to $30 per month for sites rented for the entire month, to be paid no later than the 15th day of each month.

28. The 2016 Contract provides Plaintiffs can receive additional amounts of $3.00 for each daily campsite rental per month, to be paid no later than the 15th day of each month.

29. The 2016 Contract provides Plaintiffs "5% of Food, Store, Propane and Miscellaneous Items sold during the month…" to be paid no later than the 15th day of each month.

30. The 2016 Contract provides Plaintiffs reimbursement for two gasoline fill-ups per month, to be paid no later than the 15th day of each month.

31. For 2014, Happy Trails issued a single IRS Form 1099 made out to Plaintiff Fred Karnes for $29,190.23, categorized as "[n]onemployee compensation." Happy trails did not issue a Form 1099 to Plaintiff Janet Karnes for the 2014 fiscal year.

32. For 2015, Happy Trails issued a single IRS form 1099 made out to Plaintiff Fred Karnes for $30,248.55, categorized as "[n]onemployee compensation." Happy Trails did not issue a Form 1099 to Plaintiff Janet Karnes for the 2015 fiscal year.

33. Defendants classified Plaintiffs as independent contractors —not employees.

34. Based on their job duties, Plaintiffs do not qualify as exempt employees under the FLSA.

35. Plaintiffs do not exercise discretion and independent judgment with matters of significance. For example, the 2016 Contract specifically provides "[a]ll monthly rentals must be discussed and approved by the partners of Happy Trails RV Park, LLC…" and "[a]ny modifications or additions to camp sites, the park grounds, or facilities must be discussed and approved by the partners of Happy Trails RV Park, LLC."

36. No prior similar work experience was required of Plaintiffs to fulfill the positions of Park Managers and Plaintiffs were not required to attain a certain level of skill in order to perform such work.

37. Plaintiffs are not required to have any specialized or unusual skills to work for Defendants in the lot rental business.

38. Plaintiffs do not exercise advanced knowledge in a field of science or learning as part of their primary job duties.

39. Plaintiffs do not regularly direct the work of two or more other employees as part of their employment with Defendants.

40. Plaintiffs do not have the authority to unilaterally hire, fire or discipline any employee of Happy Trails.

41. Plaintiffs do not control the key determinants of profits and losses of Happy Trails. Plaintiffs are not responsible for the acquisition and/or lease of the physical assets of the business.

42. Defendants controlled the manner and method by which Plaintiffs performed their work and the payment practices by which Plaintiffs were compensated.

43. For many workweeks, Defendants failed to compensate Plaintiffs at an hourly rate of pay at least equal to the federal minimum wage ($7.25 per hour) and/or Missouri minimum wage ($7.65).

44. Plaintiffs were not paid the applicable federal or Missouri rate for minimum wage while working for Happy Trails. For example, when Plaintiffs worked 65-80 hours per workweek at the federal minimum wage of $7.25 per hour, they were each entitled —at minimum— to weekly compensation between $561.88 and $725. Under the Missouri minimum wage of $7.65 per hour, they would each be entitled —at minimum— to weekly compensation between $592.88 and $765. However, Plaintiffs were not paid at least minimum wage every week. For example, from April 17, 2016 to April 23, 2016, each Plaintiff was compensated $283.02 (i.e., $225 for each employee's share of the weekly paycheck, plus $52.02 to each in additional compensation under the terms of the 2016 contract.

45. Defendants' pay practices allowed Defendants to gain excess profits by unlawfully classifying and compensating Plaintiffs.

## FACTUAL ALLEGATIONS REGARDING RV CENTER

46. Defendants failed to pay Plaintiff Fred Karnes at a the federal minimum wage rate of $7.25 per hour for performed work as an employee of RV Center and/or Dan Kucsik and Carol Kucsik from approximately 2010 through January 6, 2017.

47. Beginning in 2010 and continuing through January 6, 2017, Plaintiff Fred Karnes mowed the lawn at RV Center seven days per week.

48. Plaintiff Fred Karnes spent about one hour each day mowing the lawn for RV Center.

49. Plaintiff Fred Karnes used Happy Trails' mower to perform mowing for RV Center and Happy Trails.

50. From 2010 to January 6, 2017, Plaintiff Fred Karnes repaired RV Center equipment for which he was not compensated.

51. From November 2013 to January 6, 2017, Plaintiff Fred Karnes estimates he spent about 4 hours per month performing maintenance and repair of RV Center equipment, including repairing and maintaining RV Center's weed eater, four-wheeler, weed killer sprayer, lawn mower, RV Center's trucks, and Dan and Carol Kucsik's personal automobiles.

52. From November 2013 to January 6, 2017, Plaintiff Fred Karnes sprayed weed killer on RV Center's parking lot once per month as an employee of RV Center and/or Dan and Carol Kucsik, amounting to about 3 hours of work per month.

53. From November 2013 to January 6, 2017, Plaintiff Fred Karnes plowed snow on RV Center's property and spread rock salt on the area whenever there was snow on the lot.

54. Plaintiff Fred Karnes spent about 1 hour each time he plowed snow and spread rock salt for RV Center.

55. Plaintiff Fred Karnes estimates spending about 30-60 total hours plowing snow and spreading rock salt for RV Center from November 2013 to January 6, 2017.

56. After heavy rains, Plaintiff Fred Karnes used a 7 Foot Drag supplied by RV Center to smooth out ruts in the gravel on RV Center property.

57. Each time Plaintiff Fred Karnes performed this task, it took about 2 hours.

58. Plaintiff Fred Karnes estimates spending about 40-80 hours using the 7-foot drag to smooth ruts at RV Center from November 2013 to January 6, 2017.

59. From November 2013 to January 6, 2017, about once per month, Plaintiff Fred Karnes mowed the lawn and sprayed for weeds on a piece of property owned by RV Center and displaying the RV Center sign.

60. Each time Plaintiff Fred Karnes performed this task, it took him about an hour.

61. In performance of work for Defendants, Plaintiff Fred Karnes used equipment provided by RV Center and Happy Trails, including the lawn mower, four-wheeler, weed eater sprayer, blade, 7-foot drag, chain saw, pole saw and small trailer, backpack and leaf blower, rake, and shovel.

62. In performance of work for Defendants, Plaintiff Janet Karnes used equipment provided by Defendants, including a computer, telephone, cleaning supplies, pool supplies, software, ledgers, and other miscellaneous equipment.

63. Defendants did not keep accurate time records of Plaintiff Fred Karnes' work for RV Center.

64. In total, Plaintiff Fred Karnes estimates he worked an average of 6-12 hours per week for RV Center from November 2013 to January 2017.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Plaintiffs incorporate by reference all preceding paragraphs, as if fully stated herein.

66. The FLSA requires employers pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) hours per workweek. 29 U.S.C. § 207.

67. Defendants directed Plaintiffs to work, and Plaintiffs regularly worked, in excess of forty (40) hours per workweek in one or more individual workweeks.

68. Plaintiffs have not been, and are not, paid overtime compensation for hours worked in excess of forty (40) hours per workweek at a rate of one and one half times the regular rate of pay.

69. At all relevant times, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

70. Plaintiffs were each compensated less than $455 per week, exclusive of board, lodging, or other facilities.

71. Defendants' actions, policies and/or practices were in violation of the FLSA's overtime requirements by failing to compensate Plaintiffs for time spent on work activities as described in this Complaint. 29 U.S.C. § 206.

72. Defendants further violated the FLSA by failing to keep accurate record of all hours worked by their employees, including Plaintiffs. 29 U.S.C. § 211(c).

73. As Defendants did not maintain accurate records of hours worked pursuant to 29 U.S.C. § 211(c), Plaintiffs will be entitled to damages based upon a reasonable estimate built upon just and reasonable inferences from testimony regarding work performed and hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (U.S. 1946).

74. Defendants will not be able to negative the presumption in favor of Plaintiffs as to damages.

75. Defendants knew or should have known Plaintiffs were non-exempt employees. Defendants' failure to compensate Plaintiffs at one and one half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, as alleged herein, was willful, arbitrary, unreasonable, and/or in bad faith. Given Defendants' willful conduct, the applicable statute of limitations is three years plus a reasonable period of equitable tolling. 29 U.S.C. § 255(a).

76. As a result of Defendants' willful FLSA violations, Defendants unlawfully withheld earned and owed wages from Plaintiffs. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime, as well as liquidated damages, pre and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs demand judgment against Defendants and request: unpaid overtime compensation and compensatory damages; liquidated damages; determination that the Defendants' conduct was a willful violation of the FLSA; Plaintiffs' attorneys' fees, litigation costs and court costs; pre-judgment and post-judgment interest; and any other and further relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA

77. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

78. Defendants failed to pay Plaintiffs at an hourly rate no less than $7.25 per hour for each workweek in violation of 29. U.S.C. § 206.

79. Weekly payments received by Plaintiffs divided by the total time worked by Plaintiffs in workweeks fell below federal minimum wage.

80. Defendants failed to keep accurate time records as required by 29 U.S.C. § 211(c).

81. Defendants knowingly and willingly violated the FLSA by failing to pay Plaintiffs at least $7.25 per hour worked.

82. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, Defendants unlawfully deprived Plaintiffs of adequate compensation for work performed. Defendants are liable under 29 U.S.C. § 216(b) for paying Plaintiffs at a rate less than the federal minimum wage, liquidated damages, pre and post-judgement interest, reasonable attorneys' fees, and costs of this action.

83. Defendants' violations of the FLSA as stated herein are willful violations resulting in at least a three-year statute of limitations because Defendants knew their conduct violated the FLSA and/or showed reckless disregard for the same.

WHEREFORE, on Count II of this Complaint, Plaintiffs demand judgment against Defendants and seek the following relief: unpaid compensation pursuant to the federal minimum wage; liquidated damages; determination Defendants' conduct was a willful violation of the FLSA; Plaintiffs' attorneys' fees, litigation costs and court costs; pre-judgment and post-judgment interest; and any other and further relief as this Court deems just and proper.

**COUNT III**
**VIOLATION OF THE OVERTIME PROVISIONS OF MWHL**

84. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

85. MWHL provides an employer may not employ an employee "for a workweek longer than forty hours…" unless the employer compensates the employee "at a rate not less than one and one-half times the regular rate…" for hours worked in excess of forty hours per workweek. § 290.505 RSMo.

86. Defendants directed Plaintiffs to work, and Plaintiffs regularly worked, in excess of forty (40) hours per workweek in one or more individual workweeks.

87. Plaintiffs have not been, and are not, paid overtime compensation for hours worked in excess of forty (40) hours per workweek at a rate of one and one half times the regular rate of pay.

88. Plaintiffs are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages, an award of pre-judgment and post-judgment interest at the applicable rate, and for Plaintiffs' costs and reasonable attorneys' fees incurred in this action. § 290.527 RSMo.

WHEREFORE, on Count III of this Complaint, Plaintiffs demand judgment against Defendants and request: unpaid overtime compensation and compensatory damages; liquidated damages; Plaintiffs' attorneys' fees, litigation costs and court costs; pre-judgment and post-judgment interest; and any other and further relief as this Court deems just and proper.

## COUNT IV
## VIOLATION OF MINIMUM WAGE PROVISIONS OF MWHL

89. Plaintiffs incorporate all preceding paragraphs by reference as if fully stated herein.

90. Defendants failed to pay Plaintiffs at an hourly rate no less than $7.65 per hour for each workweek in violation of § 290.500, *et seq.* RSMo.

91. Weekly payments received by Plaintiffs divided by the total time worked by Plaintiffs in given workweeks fell below Missouri minimum wage.

92. Defendants knowingly and willingly violated MWHL by failing to pay Plaintiffs at least $7.65 per hour worked.

93. As a result of the aforesaid willful violations of MWHL minimum wage provisions, Defendants unlawfully deprived Plaintiffs of adequate compensation for work performed.

Defendants are liable under § 290.527 RSMo for paying Plaintiffs at a rate less than Missouri minimum wage, liquidated damages, reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count IV of this Complaint, Plaintiffs demand judgment against Defendants and seek the following relief: unpaid compensation pursuant to the Missouri minimum wage; liquidated damages; Plaintiffs' attorneys' fees, litigation costs and court costs; pre-judgment and post-judgment interest; and any other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs request trial by jury on all claims triable by jury herein.

Respectfully Submitted,

By:     */s/ Kevin J. Dolley*
Kevin J. Dolley, #54132MO
David Nowakowski, #66481MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
david.nowakowski@dolleylaw.com

*Attorneys for Plaintiffs Fred Karnes and Janet Karnes*