## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| FRED KARNES and JANET KARNES | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:16-cv-04309-MDH |
| | ) | |
| HAPPY TRAILS RV PARK, LLC, | ) | |
| CAROL A. KUCSIK, and | ) | |
| DANIEL R. KUCSIK, | ) | |
| HAPPY TRAILS RV CENTER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT
## AND DEFENDANT HAPPY TRAILS RV PARK, LLC'S
## COUNTERCLAIM AGAINST PLAINTIFFS

COME NOW Defendants Happy Trails RV Park, LLC, Carol A. Kucsik, Daniel R. Kucsik, and Happy Trails RV Center, Inc., by and through their attorneys undersigned, and for their Answer to Plaintiffs' First Amended Complaint, hereby state to the Court as follows:

## NATURE OF THE CLAIM

1.      Defendants neither admit nor deny as Plaintiffs' First Amended Complaint speaks for itself as alleged in Paragraph 1 of Plaintiffs' First Amended Complaint.  To the extent a response is required, Defendants deny.

2.      Defendants deny the allegations in Paragraph 2 of Plaintiffs' First Amended Complaint.

## PARTIES

3.      Defendants neither admit nor deny the residence of Plaintiffs as they are without sufficient information and knowledge to form a belief as to the truth of these allegations in

Paragraph 3 of Plaintiffs' First Amended Complaint regarding the residency of Plaintiffs. Defendants deny that Plaintiffs held the position of park manager for Defendants. By way of further answer, Defendants state that the remaining allegations in Paragraph 3 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

4. Defendants neither admit nor deny as the allegations in Paragraph 4 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

5. Defendants admit that Happy Trails RV Park, LLC is a limited liability company located at the address stated. Defendants deny the second sentence of Paragraph 5. By way of further answer, Defendants state that the remaining allegations in Paragraph 5 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

6. Defendants admit that Happy Trails RV Center, Inc. is a Missouri corporation located at the address stated in Paragraph 6 of Plaintiffs' First Amended Complaint. By way of further answer, Defendants state that Paragraph 6, in part, states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

7. Defendants admit the allegations in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendants neither admit nor deny as Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

9. Defendants deny the factual allegations in Paragraph 9 of Plaintiffs' First Amended Complaint. By way of further answer, Defendants state the Paragraph 9, in part, states

2

a legal conclusion to which no response is required. To the extent a response is required, Defendants deny. Defendants admit that Carol Kucsik and Daniel Kucsik reside in Camden County, Missouri as alleged in Paragraph 6 of Plaintiffs' First Amended Complaint.

## JURISDICTION AND VENUE

10.    Defendants neither admit nor deny as Paragraph 10 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

11.    Defendants neither admit nor deny as Paragraph 11 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

12.    Defendants neither admit nor deny as Paragraph 12 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

13.    Defendants neither admit nor deny as Paragraph 13 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

14.    Defendants neither admit nor deny as Paragraph 14 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

15.    Defendants neither admit nor deny as Paragraph 15 of Plaintiffs' First Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## FACTUAL ALLEGATIONS REGARDING HAPPY TRAILS

16.     Defendants deny the allegations in Paragraph 16 of Plaintiffs' First Amended Complaint.

17.     Defendants deny the allegations in Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 18 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Defendants deny the allegations in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 24 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiffs' First Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 27 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

28.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 28 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

29.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 29 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

30.     Defendants neither admit nor deny as the contract speaks for itself as alleged in Paragraph 30 of Plaintiffs' First Amended Complaint. To the extent a response is required, Defendants deny.

31.     Defendants neither admit nor deny because Paragraph 31 of Plaintiffs' First Amended Complaint references a written document, namely an IRS Form 1099, and that the document speaks for itself, and, thus, no response is required.  Defendant Happy Trails admits it, at Plaintiffs' request, did not issue an IRS Form 1099 to Janet Karnes for the 2014 fiscal year. To the extent any further response is required, Defendants deny.

32.     Defendants neither admit nor deny because Paragraph 31 of Plaintiffs' First Amended Complaint references a written document, namely an IRS Form 1099, and that the document speaks for itself, and, thus, no response is required.  Defendant Happy Trails admits it, at Plaintiffs' request, did not issue an IRS Form 1099 to Janet Karnes for the 2014 fiscal year.

5

To the extent any further response is required, Defendants deny.

33.    Defendants deny the allegations in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.    Defendants neither admit nor deny as the allegations in Paragraph 34 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

35.    Defendants deny the allegations in Paragraph 35 of Plaintiffs' First Amended Complaint. By way of further answer, Defendants neither admit nor deny the portion of Paragraph 35 referencing the contract as the 2016 Contract speaks for itself.  To the extent a response is required, Defendants deny.

36.    Defendants deny the allegations in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.    Defendants deny the allegations in Paragraph 37 of Plaintiffs' First Amended Complaint.

38.    Defendants admit the allegations in Paragraph 38 of Plaintiffs' First Amended Complaint.

39.    Defendants deny the allegations in Paragraph 39 of Plaintiffs' First Amended Complaint.

40.    Defendants deny the allegations in Paragraph 40 of Plaintiffs' First Amended Complaint.

41.    Defendants deny the allegations in Paragraph 41 of Plaintiffs' First Amended Complaint.

6

42.     Defendants deny the allegations in Paragraph 42 of Plaintiffs' First Amended Complaint.

43.     Defendants deny the allegations in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.     Defendants deny the factual allegations in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.     Defendants deny the allegations in Paragraph 45 of Plaintiffs' First Amended Complaint.

## FACTUAL ALLEGATIONS REGARDING RV CENTER

46.     Defendants deny the allegations in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.      Defendants deny the allegations in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Defendants neither admit nor deny the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint as Plaintiffs' estimation speaks for itself.  To the extent a response is required, Defendants deny.

Case 2:16-cv-04309-MDH   Document 39   Filed 07/06/17   Page 7 of 23

52.     Defendants deny the allegations in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiffs' First Amended Complaint.

55.     Defendants neither admit nor deny the allegations in Paragraph 51 of Plaintiffs' First Amended Complaint as Plaintiffs' estimation speaks for itself.  To the extent a response is required, Defendants deny.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     Defendants neither admit nor deny the allegations in Paragraph 58 of Plaintiffs' First Amended Complaint as Plaintiffs' estimation speaks for itself.  To the extent a response is required, Defendants deny.

59.     Defendants deny the allegations in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     Defendants neither admit nor deny as the allegations in Paragraph 63 of Plaintiffs' First Amended Complaint assume that Plaintiff Fred Karnes did work for Defendant Happy Trails RV Center, Inc., which Defendants deny. To the extent any further response is required, Defendants deny.

64.     Defendants neither admit nor deny the allegations in Paragraph 64 of Plaintiffs' First Amended Complaint as Plaintiffs' estimation speaks for itself.  To the extent a response is required, Defendants deny.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65.     Defendants hereby restate and incorporate by reference as if fully set forth herein each and every admission, denial, and/or statement made in its answer to the allegations in Paragraphs 1 through 64 of the Plaintiffs' First Amended Complaint.

66.     Defendants neither admit nor deny as the allegations in Paragraph 66 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     Defendants neither admit nor deny as the allegations in Paragraph 69 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent

a response is required, Defendants deny.

70.     Defendants deny the allegations in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.     Defendants neither admit nor deny as the allegations in Paragraph 71 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

72.     Defendants neither admit nor deny as the allegations in Paragraph 72 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

73.     Defendants neither admit nor deny as the allegations in Paragraph 73 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

74.     Defendants neither admit nor deny as the allegations in Paragraph 74 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

75.     Defendants neither admit nor deny as the allegations in Paragraph 75 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

76.     Defendants neither admit nor deny as the allegations in Paragraph 76 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

WHEREFORE, having fully answered Count I of Plaintiffs' First Amended Complaint, Defendants respectfully request the Court to enter its Judgment and Order allowing Defendants to go hence with their costs herein incurred and expended, and for such other and further orders and relief as to the Court seems just and proper in the premises.

**COUNT II**
**VIOLATION OF MINIMUM WAGE PROVISIONS OF THE FLSA**

77.     Defendants hereby restate and incorporate by reference as if fully set forth herein each and every admission, denial, and/or statement made in its answer to the allegations in Paragraphs 1 through 76 of the Plaintiffs' First Amended Complaint

78.     Defendants neither admit nor deny as the allegations in Paragraph 78 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiffs' First Amended Complaint.

80.     Defendants deny the factual allegations in Paragraph 80 of Plaintiffs' First Amended Complaint.  By way of further answer, Paragraph 80, in part, also states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

81.     Defendants deny the allegations in Paragraph 81 of Plaintiffs' First Amended Complaint.

82.     Defendants deny the factual allegations in Paragraph 82 of Plaintiffs' First Amended Complaint.  By way of further answer, Paragraph 82, in part, also states legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny.

83.     Defendants neither admit nor deny as the allegations in Paragraph 83 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

WHEREFORE, having fully answered Count II of Plaintiffs' First Amended Complaint, Defendants respectfully request the Court to enter its Judgment and Order allowing Defendants to go hence with their costs herein incurred and expended, and for such other and further orders and relief as to the Court seems just and proper in the premises.

## COUNT III
## VIOLATION OF THE OVERTIME PROVISIONS OF MWHL

84.     Defendants hereby restate and incorporate by reference as if fully set forth herein each and every admission, denial, and/or statement made in its answer to the allegations in Paragraphs 1 through 83 of the Plaintiffs' First Amended Complaint

85.     Defendants neither admit nor deny as the allegations in Paragraph 85 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

86.     Defendants deny the allegations in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.     Defendants deny the allegations in Paragraph 67 of Plaintiffs' First Amended Complaint.

88.     Defendants neither admit nor deny as the allegations in Paragraph 88 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

12

WHEREFORE, having fully answered Count III of Plaintiffs' First Amended Complaint, Defendants respectfully request the Court to enter its Judgment and Order allowing Defendants to go hence with their costs herein incurred and expended, and for such other and further orders and relief as to the Court seems just and proper in the premises.

## COUNT IV
## VIOLATION OF MINIMUM WAGE PROVISIONS OF MWHL

89.     Defendants hereby restate and incorporate by reference as if fully set forth herein each and every admission, denial, and/or statement made in its answer to the allegations in Paragraphs 1 through 88 of the Plaintiffs' First Amended Complaint

90.     Defendants deny the factual allegations in Paragraph 90 of Plaintiffs' First Amended Complaint.  By way of further answer, Paragraph 90, in part, states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiffs' First Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of Plaintiffs' First Amended Complaint.

93.     Defendants neither admit nor deny as the allegations in Paragraph 93 of Plaintiffs' First Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny.

WHEREFORE, having fully answered Count IV of Plaintiffs' First Amended Complaint, Defendants respectfully request the Court to enter its Judgment and Order allowing Defendants to go hence with their costs herein incurred and expended, and for such other and further orders and relief as to the Court seems just and proper in the premises.

13

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

3.     To the extent that Plaintiffs have failed to mitigate any alleged damage, such damages must be reduced and/or eliminated.

4.     To the extent any actions exist, all such actions of Defendants with respect to Plaintiffs were made in good faith and without any improper motive.

5.     Plaintiffs' claims are barred by the doctrines of the collateral estoppel, waiver, ratification, laches, and unclean hands.

6.     To the extent any act or omission exists, and to the extent Plaintiffs were employees, which Defendants dispute, any such act or omission on the part of Defendants was taken in good faith and Defendants had reasonable grounds for believing those acts and/or omissions were not in violation of the Fair Labor Standards Act so that Plaintiffs' claims for liquidated damages are barred.

7.     To the extent any act or omission exists, and to the extent Plaintiffs were employees, which Defendants dispute, any such act or omission on the part of Defendants was taken in good faith (was not willful) and Defendants had reasonable grounds for believing that its acts and/or omissions were not in violation of the Fair Labor Standards Act or its state-law equivalent so that Plaintiffs' claims are barred by the statute of limitations in 29 U.S.C. § 255 and Chapter 290, RSMo.

14

8.      If Plaintiffs were employees, which Defendants dispute, Plaintiffs lack credible evidence that they worked overtime, and therefore, they fail to state claims upon which relief can be granted.

9.      If Plaintiffs were employees, which Defendants dispute, Defendants are and were not obligated to compensate Plaintiffs for time that was difficult or practically impossible to calculate and were insubstantial or insignificant under the *De Minimis* Doctrine.

10.     If Plaintiffs were employees, which Defendants dispute, Plaintiffs are not entitled to overtime pay for hours worked that were unauthorized by Defendants, and that Defendants neither knew or should have known were being worked.

11.     To the extent Plaintiffs were employees, (although Defendants dispute Plaintiffs were employees to any extent) Defendants are exempt from the provisions of 29 U.S.C. §§ 206 and 207 pursuant to 29 U.S.C. § 213(a)(3), and the related provisions of Chapter 290, RSMo.

12.     Plaintiffs' claims are frivolous, unreasonable, and without foundation, thereby entitling Defendants to an award of attorney's fees.

13.     If Plaintiffs were employees, which Defendants dispute, Plaintiffs' claims are barred because Plaintiffs were exempt employees under the Fair Labor Standards Act and the regulations interpreting the Fair Labor Standards Act, and under the applicable state-law statutory and regulatory equivalents.

**WHEREFORE**, Defendants Happy Trails RV Park, LLC, Carol A. Kucsik, and Daniel R. Kucsik hereby request that this Court enter judgment in their favor and against Plaintiffs on each count of Plaintiffs' First Amended Complaint, that the Plaintiffs' First Amended Complaint be dismissed in its entirety, that the Court award Defendants their attorneys' fees and costs incurred herein in defending suit, and that the Court award Defendants such other and further

15

relief as the Court may deem just and proper.

## DEFENDANT HAPPY TRAILS RV PARK, LLC'S
## COUNTERCLAIM AGAINST PLAINTIFFS

COMES NOW Defendant Happy Trails RV Park, LLC, by and through its attorneys undersigned, and for its Counterclaim against Plaintiffs Fred Karnes and Janet Karnes, hereby states and avers to the Court as follows:

1. On or about June 6, 2010, Plaintiffs and Defendant executed a Park Manager Agreement, wherein, in pertinent portion, Plaintiffs agreed to ensure that funds received by Plaintiffs were counted, reconciled, and documented on the green sheet each day.

2. That contract renewed each year on substantially the same terms and conditions with the final renewal terminating on December 31, 2016.

3. Plaintiffs charged customers to fish at the pond located at Happy Trails RV Center and failed to deliver any of those sums to Defendant.

4. Plaintiffs charged customers to swim in the pool located at Happy Trails RV Center and failed to deliver any of those sums to Defendant.

5. Plaintiffs rented fishing poles to customers and failed to deliver any of those sums to Defendant.

6. Plaintiffs sold items in the store located at the Happy Trails RV Center and failed to deliver any of those sums to Defendant.

7. Plaintiffs rented the apartment located above the store at the Happy Trails RV Center and failed to deliver any rent sums to Defendant.

8. Plaintiffs rented camping and RV lots to customers and received cash payments which they did not deliver to Defendant.

16

9.      Pursuant to the terms of the contract between Plaintiffs and Defendant, Plaintiffs agreed to maintain in good repair the store, bathrooms, and other fixtures and equipment at the Happy Trails RV Park.

10.     Plaintiffs failed to maintain the store, bathrooms, and fixtures and equipment in good repair.

## COUNT I
## BREACH OF CONTRACT

11.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 10 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

12.     The failure of Plaintiffs to deliver all sums collected from Defendant's customers constitutes a breach of the contract between Plaintiffs and Defendant.

13.     The failure to properly maintain in good repair the store, bathrooms, and other fixtures and equipment of Happy Trails RV Park constitutes a breach of the contract between Plaintiffs and Defendant.

14.     Renting of the apartment located above the store at the Happy Trails RV Park and failing to deliver the rent sums to Defendant constitutes a breach of the contract between Plaintiffs and Defendant.

15.     The breaches identified in Paragraphs 3-10, above, are material breaches of the contract between Plaintiffs and Defendant.

16.     As a result of Plaintiffs' material breaches of the contract, Defendant has been damaged in an amount that is presently unknown.

17

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

## COUNT II
## MONEY HAD AND RECEIVED

17.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 16 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

18.     Plaintiffs received or obtained possession of Defendant's money in that:

    a)     Plaintiffs charged customers to fish at the pond located at Happy Trails RV Center and failed to deliver any of those sums to Defendant;

    b)     Plaintiffs charged customers to swim in the pool located at Happy Trails RV Center and failed to deliver any of those sums to Defendant;

    c)     Plaintiffs rented fishing poles to customers and failed to deliver any of those sums to Defendant;

    d)     Plaintiffs sold items in the store located at the Happy Trails RV Center and failed to deliver any of those sums to Defendant;

    e)     Plaintiffs rented the apartment located above the store at the Happy Trails RV Center and failed to deliver any rent sums to Defendant; and

    f)     Plaintiffs rented camping and RV lots to customers and received cash payments which they did not deliver to Defendant.

19.     Plaintiffs appreciated the benefit of Defendant's money.

18

20.     Plaintiffs' acceptance and retention of the money was unjust in that:

a)     The money received by Defendant's customers belonged to Defendant;

b)     Plaintiffs agreed to deliver sums collected from Defendant's customers to Defendant; and

c)     The funds paid by Defendant's customers were paid for the use of and/or the benefit of Defendant and not Plaintiffs.

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
<u>**FRAUDULENT MISREPRESENTATION**</u>

21.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 20 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

22.     Plaintiffs represented throughout the term of their contract with Defendant that Plaintiffs were delivering all sums paid by Defendant's customers to Defendants and accounting for all sums paid by Defendant's customers to Defendant.

23.     The representations made by Plaintiffs were false in that Plaintiffs retained sums and failed to account for sums paid by Defendant's customers.

24.     Plaintiffs knew that the representations made to Defendant were false.

19

25.     Plaintiffs intended for Defendant to rely on the representations in the course of Plaintiffs' business with Defendant.

26.     Defendant reasonably relied on the statements made by Plaintiffs as Defendant had no reason to believe the statements were false.

27.     As a result of Defendant's reliance on Plaintiffs' misrepresentations, Defendant has been damaged in the amount of sums collected by Plaintiffs from Defendant's customers and not delivered to Defendant.

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

## COUNT IV
## CONSPIRACY

28.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 27 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

29.     Upon information and belief, Plaintiffs did agree together to breach the contract with Defendant, to take money belonging to Defendant and retain the benefit thereof, and to fraudulently mislead Defendant, as set forth in Counts I, II, and III of Defendant Happy Trails RV Park, LLC's Counterclaim Against Plaintiffs.

30.     Plaintiffs' breaching the contract with Defendant was an unlawful act.

31.     Plaintiffs' retaining money belonging to Defendant was an unlawful act.

32.     Plaintiffs' purposely misleading Defendant was an unlawful act.

20

33.     As the result of Plaintiffs' conspiring agreement, Defendant was damaged in an amount equal to the sums received and retained by Plaintiffs that were paid by Defendant's customers.

34.     As the result of Plaintiffs' conspiring agreement, Plaintiffs are jointly and severally liable to Defendant for the damages suffered.

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

<u>COUNT V</u>
<u>BREACH OF FIDUCIARY DUTY</u>

35.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 34 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

36.     By virtue of the contract, and its subsequent amendments, Plaintiffs owed a fiduciary duty of trust, loyalty, and accounting to Defendant.

37.     Plaintiffs breached the fiduciary duties owed to Defendant in that:

a)     Plaintiffs failed to account for all sums received from Defendant's customers;

b)     Plaintiffs retained for their own benefits sums paid by Defendant's customers; and

21

          c)      Plaintiffs repeatedly misrepresented their conduct and actions to Defendant.

38.     Defendant has been damaged by Plaintiffs' breach of Plaintiffs' fiduciary duties in the amount of the monies received by Plaintiffs from Defendant's customers.

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

### COUNT VI
### PUNITIVE DAMAGES

39.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 38 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

40.     Plaintiffs' repeated false representations to Defendant constitute outrageous conduct in that:

          a)      Plaintiffs acted with an evil motive; and

          b)      Plaintiffs acted with reckless indifference to Defendant's rights.

41.     Plaintiffs' breach of their fiduciary duties owed to Defendant constitutes outrageous conduct in that:

          a)       Plaintiffs acted with an evil motive; and

          b)      Plaintiffs acted with reckless indifference to Defendant's rights.

42.     As a result of Plaintiffs' outrageous conduct, Defendant has been damaged in an amount at least equal to the sums received by Plaintiffs from Defendant's customers.

WHEREFORE, Defendant Happy Trails RV Park, LLC respectfully requests the Court enter judgment in favor of Defendant Happy Trails RV Park, LLC and against Plaintiffs in an amount to be determined at trial, for an award of punitive damages, for Defendant's costs and attorney fees incurred, and for such other and relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

NEALE & NEWMAN, L.L.P.


By: /s/ Bryan D. Fisher
      Bryan D. Fisher, #65904

1949 E. Sunshine, Ste. 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone: (417) 882-9090
Facsimile: (417) 882-2529
Email: bfisher@nnlaw.com

**ATTORNEYS FOR DEFENDANTS
HAPPY TRAILS RV PARK, LLC,
CAROL A. KUCSIK, DANIEL R. KUCSIK,
& HAPPY TRAILS RV CENTER, INC.**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the electronic filing receipt received from the Court, on this 6th day of July, 2017.

NEALE & NEWMAN, L.L.P.


By: /s/ Bryan D. Fisher
      Bryan D. Fisher, #65904

23