IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRED KARNES and JANET KARNES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 2:16-cv-04309-MDH |
| | ) | |
| HAPPY TRAILS RV PARK, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' REPLY TO DEFENDANT HAPPY TRAILS RV PARK, LLC'S COUNTERCLAIMS

COME NOW Plaintiffs Fred Karnes and Janet Karnes (collectively, "Plaintiffs"), by and through undersigned counsel, and for their Reply to Defendant Happy Trails RV Park, LLC's Counterclaims, state as follows:

1.     On or about June 6, 2010, Plaintiffs and Defendant executed a Park Manager Agreement, wherein, in pertinent portion, Plaintiffs agreed to ensure that funds received by Plaintiffs were counted, reconciled, and documented on the green sheet each day.

**ANSWER: Plaintiffs admit to signing a Park Manager Agreement on or about June 6, 2010.  The Park Manager Agreement speaks for itself.  Plaintiffs deny any remaining allegations in Paragraph 1.**

2.     That contract renewed each year on substantially the same terms and conditions with the final renewal terminating on December 31, 2016.

**ANSWER: Plaintiffs admit they signed a Park Manager Agreement with Defendant each year.  The final Park Manager Agreement terminated on January 6, 2017—not December 31, 2016.  Plaintiffs deny the contract was "renewed" and deny that it had substantially the same terms and conditions each year.**

1

3.　　Plaintiffs charged customers to fish at the pond located at Happy Trails RV Center and failed to deliver any of those sums to Defendant.

**ANSWER: Denied.**

4.　　Plaintiffs charged customers to swim in the pool located at Happy Trails RV Center and failed to deliver any of those sums to Defendant.

**ANSWER: Denied.**

5.　　Plaintiffs rented fishing poles to customers and failed to deliver any of those sums to Defendant.

**ANSWER: Plaintiffs admit on one occasion a customer was charged $5 to use Plaintiff's own fishing pole for one day. Plaintiffs discontinued this practice after one day. Plaintiffs deny any remaining allegations in Paragraph 5.**

6.　　Plaintiffs sold items in the store located at the Happy Trails RV Center and failed to deliver any of those sums to Defendant.

**ANSWER: Denied.**

7.　　Plaintiffs rented the apartment located above the store at the Happy Trails RV Center and failed to deliver any rent sums to Defendant.

**ANSWER: Denied.**

8.　　Plaintiffs rented camping and RV lots to customers and received cash payments which they did not deliver to Defendant.

**ANSWER: Denied.**

9.　　Pursuant to the terms of the contract between Plaintiffs and Defendant, Plaintiffs agreed to maintain in good repair the store, bathrooms, and other fixtures and equipment at the Happy Trails RV Park.

**ANSWER:  Plaintiffs admit Defendant Happy Trails RV Park, LLC ("Defendant" or "RV Park") required them under the terms of the Park Manager Agreement to clean the bathrooms and maintain park equipment.  The Park Manager Agreement speaks for itself. Plaintiffs deny any remaining allegations in Paragraph 9.**

10.     Plaintiffs failed to maintain the store, bathrooms, and fixtures and equipment in good repair.

**ANSWER: Denied.**

## COUNT I
## BREACH OF CONTRACT

11.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 10 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

12.     The failure of Plaintiffs to deliver all sums collected from Defendant's customers constitutes a breach of the contract between Plaintiffs and Defendant.

**ANSWER: Plaintiffs deny the allegations in Paragraph 12.**

13.     The failure to properly maintain in good repair the store, bathrooms, and other fixtures and equipment of Happy Trails RV Park constitutes a breach of the contract between Plaintiffs and Defendant.

**ANSWER: Plaintiffs deny the allegations in Paragraph 13.**

14.     Renting of the apartment located above the store at the Happy Trails RV Park and failing to deliver the rent sums to Defendant constitutes a breach of the contract between Plaintiffs and Defendant.

**ANSWER: Plaintiffs deny the allegations in Paragraph 14.**

15.     The breaches identified in Paragraphs 3-10, above, are material breaches of the contract between Plaintiffs and Defendant.

**ANSWER: Plaintiffs deny the allegations in Paragraph 15.**

16.     As a result of Plaintiffs' material breaches of the contract, Defendant has been damaged in an amount that is presently unknown.

**ANSWER: Plaintiffs deny any material breach and deny that Defendant has been damaged.**

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count I.

## COUNT II
## MONEY HAD AND RECEIVED

17.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 16 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

18.     Plaintiffs received or obtained possession of Defendant's money in that:

        a)      Plaintiffs charged customers to fish at the pond located at Happy Trails RV Center and failed to deliver any of those sums to Defendant;

        b)      Plaintiffs charged customers to swim in the pool located at Happy Trails RV Center and failed to deliver any of those sums to Defendant;

4

c)  Plaintiffs rented fishing poles to customers and failed to deliver any of those sums to Defendant;

d)  Plaintiffs sold items in the store located at the Happy Trails RV Center and failed to deliver any of those sums to Defendant;

e)  Plaintiffs rented the apartment located above the store at the Happy Trails RV Center and failed to deliver any rent sums to Defendant; and

f)  Plaintiffs rented camping and RV lots to customers and received cash payments which they did not deliver to Defendant.

**ANSWER: Plaintiffs deny charging customers to fish at the pond located at Happy Trails RV Park, LLC or swim in the pool at Happy Trails RV Park, LLC. Plaintiffs deny selling items in the store and failing to deliver any of those sums to Defendant. Plaintiffs deny renting the apartment located above the store at Happy Trails RV Park, LLC (or RV Center) and deny failing to deliver any rent sums to defendant. Plaintiffs deny renting camping and RV lots to customers and deny failing to deliver payments for the same to Defendant. Plaintiffs deny the money they received for renting their own fishing poles on one occasion is Defendant's money. Plaintiffs deny the remaining allegations in Paragraph 18.**

19.  Plaintiffs appreciated the benefit of Defendant's money.

**ANSWER: Denied.**

20.  Plaintiffs' acceptance and retention of the money was unjust in that:

a)  The money received by Defendant's customers belonged to Defendant;

b)  Plaintiffs agreed to deliver sums collected from Defendant's customers to Defendant; and

5

c)      The funds paid by Defendant's customers were paid for the use of and/or the benefit of Defendant and not Plaintiffs.

**ANSWER: Denied.**

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count II.

## COUNT III
## FRAUDULENT MISREPRESENTATION

21.      Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 20 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

22.      Plaintiffs represented throughout the term of their contract with Defendant that Plaintiffs were delivering all sums paid by Defendant's customers to Defendants and accounting for all sums paid by Defendant's customers to Defendant.

**ANSWER: Defendant has failed to identify with particularity any specific representations (or misrepresentations, if any) allegedly made by Plaintiffs. Plaintiffs deny making any misrepresentations to Defendant. Plaintiffs delivered all sums paid by Defendant's customers to Defendant and accounted for all such sums paid. Plaintiffs deny any remaining allegations in Paragraph 22.**

23.      The representations made by Plaintiffs were false in that Plaintiffs retained sums and failed to account for sums paid by Defendant's customers.

**ANSWER: Denied.**

6

24.    Plaintiffs knew that the representations made to Defendant were false.

**ANSWER: Denied.**

25.    Plaintiffs intended for Defendant to rely on the representations in the course of Plaintiffs' business with Defendant.

**ANSWER: Denied.**

26.    Defendant reasonably relied on the statements made by Plaintiffs as Defendant had no reason to believe the statements were false.

**ANSWER: Defendant failed to identify with particularity any specific statement allegedly made by Plaintiffs.  Plaintiffs deny making false statements to Defendant.  Plaintiffs deny the allegations contained in Paragraph 26.**

27.    As a result of Defendant's reliance on Plaintiffs' misrepresentations, Defendant has been damaged in the amount of sums collected by Plaintiffs from Defendant's customers and not delivered to Defendant.

**ANSWER: Denied.**

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count III.

**COUNT IV**
**CONSPIRACY**

28.    Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 27 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

7

29.     Upon information and belief, Plaintiffs did agree together to breach the contract with Defendant, to take money belonging to Defendant and retain the benefit thereof, and to fraudulently mislead Defendant, as set forth in Counts I, II, and III of Defendant Happy Trails RV Park, LLC's Counterclaim Against Plaintiffs.

**ANSWER: Denied.**

30.     Plaintiffs' breaching the contract with Defendant was an unlawful act.

**ANSWER: Plaintiffs deny the allegations in Paragraph 30.**

31.     Plaintiffs' retaining money belonging to Defendant was an unlawful act.

**ANSWER: Plaintiffs deny the allegations in Paragraph 31.**

32.     Plaintiffs' purposely misleading Defendant was an unlawful act.

**ANSWER: Plaintiffs deny the allegations in Paragraph 32.**

33.     As the result of Plaintiffs' conspiring agreement, Defendant was damaged in an amount equal to the sums received and retained by Plaintiffs that were paid by Defendant's customers.

**ANSWER: Denied.**

34.     As the result of Plaintiffs' conspiring agreement, Plaintiffs are jointly and severally liable to Defendant for the damages suffered.

**ANSWER: Plaintiffs deny the allegations in Paragraph 34.**

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count IV.

**COUNT V**
**BREACH OF FIDUCIARY DUTY**

35.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 34 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

36.     By virtue of the contract, and its subsequent amendments, Plaintiffs owed a fiduciary duty of trust, loyalty, and accounting to Defendant.

**ANSWER: Paragraph 36 states a legal conclusion to which no answer is required.  To the extent an answer is required, Plaintiffs deny the allegations in Paragraph 36.**

37.     Plaintiffs breached the fiduciary duties owed to Defendant in that:

a)      Plaintiffs failed to account for all sums received from Defendant's customers;

b)      Plaintiffs retained for their own benefits sums paid by Defendant's customers; and

c)      Plaintiffs repeatedly misrepresented their conduct and actions to Defendant.

**ANSWER: Denied.**

38.     Defendant has been damaged by Plaintiffs' breach of Plaintiffs' fiduciary duties in the amount of the monies received by Plaintiffs from Defendant's customers.

**ANSWER: Plaintiffs lack sufficient information to either admit or deny the allegations in Paragraph 38, and therefore deny the same.**

9

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count V.

## COUNT VI
## PUNITIVE DAMAGES

39.     Defendant Happy Trails RV Park, LLC hereby incorporates the allegations of Paragraphs 1 through 38 of its Counterclaim against Plaintiffs as though set forth fully in *haec verba*.

**ANSWER: Plaintiffs restate and incorporate herein the above answers to the above paragraphs of Defendant's Counterclaims.**

40.     Plaintiffs' repeated false representations to Defendant constitute outrageous conduct in that:

        a)     Plaintiffs acted with an evil motive; and

        b)     Plaintiffs acted with reckless indifference to Defendant's rights.

**ANSWER: Denied**

41.     Plaintiffs' breach of their fiduciary duties owed to Defendant constitutes outrageous conduct in that:

        a)     Plaintiffs acted with an evil motive; and

        b)     Plaintiffs acted with reckless indifference to Defendant's rights.

**ANSWER: Paragraph 41 states a legal conclusion to which no answer is required.  To the extent an answer is required, Plaintiffs deny the allegations in Paragraph 41.**

42.     As a result of Plaintiffs' outrageous conduct, Defendant has been damaged in an amount at least equal to the sums received by Plaintiffs from Defendant's customers.

**ANSWER: Plaintiffs lack sufficient information to either admit or deny the allegations in Paragraph 42, and therefore deny the same.**

WHEREFORE, Plaintiffs further deny that Defendant is entitled to any relief sought through the averments contained in the "Wherefore" paragraph and subparagraphs at the conclusion of Count VI.

## AFFIRMATIVE DEFENSES

Further answering, and by way of separate and affirmative defenses, Plaintiffs state as follows:

1.      Plaintiffs deny each and every allegation in Defendant's counterclaims not expressly admitted above.

2.      The Court lacks subject-matter jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1332(a) to the extent the amount in controversy does not exceed $75,000.

3.      Defendant's counterclaims fail to state claims upon which relief can be granted.

4.      Happy Trails RV Park, LLC entered into the Park Manager Agreements in bad faith, with an intent to control the terms and conditions of Plaintiffs work without providing the wages and benefits to which employees are entitled.

5.      Defendant's actions breached the implied covenant of good faith and fair dealing.

6.      Defendant's claims for damages are barred because Defendant was the cause of all or part of the damages.

7.      Defendant's counterclaims based in fraud (Counts III and V) fail to meet the heightened pleading standard set forth in Fed. R. Civ. P. 9(b) by failing to state with particularity the time, place, and contents of the purported fraudulent misrepresetnations and/or acts.

11

8.      Defendant's counterclaims fail because they rely on illegal contracts—the Park Manager Agreements ("Manager Agreements")—which Defendant used to unlawfully circumvent the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA").

9.      Defendant's counterclaims fail because Defendant fraudulently induced Plaintiffs to enter the Manager Agreements.

10.     The Manager Agreements are void for illegality in that they were intended to contract around the minimum wage and overtime requirements of the FLSA.

11.     The Manager Agreements are unconscionable adhesion contracts in that Defendant had a superior bargaining position to Plaintiffs (who were low wage earners seeking employment). Defendant or its legal representative drafted the agreements, Defendant limited its obligations to benefit itself (by—*inter alia*—giving itself the right to terminate the agreement at-will and without cause), and the agreements were entered without meaningful negotiation.

12.     The Manager Agreements violate public policy in that it would actively encourage employers to unlawfully circumvent the broad remedial scheme of the FLSA by allowing nominal independent contractors to agree to similar terms.

13.     Defendant's counterclaims fail because they are pre-empted by the FLSA

14.     Defendant's counterclaims are barred by the doctrines of waiver, estoppel, and unclean hands.

15.     Defendant's counterclaims are barred by the after-acquired evidence doctrine.

16.     Defendant's counterclaims fail because it did not experience any damages.

17.     Defendant is not entitled to recover any punitive damages because Plaintiffs' actions and conduct were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard to Defendant's legal rights.

18.     Plaintiff gives notice that it intends to rely upon such other affirmative and other defenses as may become available or apparent during the course of discovery and reserve the right to assert those defenses.

WHEREFORE, Plaintiffs Fred and Janet Karnes respectfully pray for judgment against Defendant Happy Trails RV Park, LLC for their court costs and reasonable attorneys' fees incurred in defending against this action, and such other and further relief as this Court deems just and proper.

Respectfully submitted,


By:      */s/ David Nowakowski*
Kevin J. Dolley 54132MO
David Nowakowski 66481MO
Law Offices of Kevin J. Dolley, LLC
2726 S. Brentwood Blvd.
St. Louis MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com
David.nowakowski@dolleylaw.com

*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served upon all attorneys of record by the Court's electronic filing system on December 19, 2017:


*/s/ David Nowakowski*


14