IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **FRED KARNES AND JANET KARNES** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:16-CV-04309-MDH |
| ) | |
| **HAPPY TRAILS RV PARK, LLC,** ) | |
| **CAROL A. KUCSIK,** ) | |
| **DANIEL R. KUCSIK, and** ) | |
| **HAPPY TRAILS, RV CENTER, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court are two pending summary judgment motions: (1) Defendant Happy Trails RV Center, Inc.'s ("RV Center") Motion for Summary Judgment on Counts 1-4 of Plaintiff Janet Karnes' First Amended Complaint (Doc. 106); and (2) Defendant Carol Kucsik's Motion for Summary Judgment (Doc. 108). The Court will address these separate motions in turn. For the reasons explained below, the Court will grant Defendant Happy Trails RV Center's Motion but deny Defendant Carol Kucsik's Motion.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Reich v. ConAgra, Inc.,* 987 F.2d 1357, 1359 (8th Cir.1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County,* 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the

1

absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do so, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## DISCUSSION

### 1. Defendant Happy Trails RV Center's Motion for Summary Judgment

In their Complaint, Plaintiff Janet Karnes pleads two FLSA and two MWHL claims against Defendant Happy Trails RV Center. (Doc. 1). The MWHL is generally interpreted in accordance with the FLSA. RSMo. § 290.505(4) ("Except as may be otherwise provided . . . this section shall be interpreted in accordance with the Fair Labor Standards Act[.]"). In order to bring a minimum wage or overtime claim against an employer under the MWHL and FLSA, a plaintiff must be an employee of the Defendant. *Childress v. Ozark Delivery of Missouri, LLC*, 95 F. Supp. 3d 1130, 1138 (W.D. Mo. 2015). The burden of proving an employer-employee relationship rests on the employee. *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1360 (8th Cir. 1993). RV Center moves for summary judgment against Janet Karnes on all four counts on the basis that Janet Karnes was not an employee of RV Center. In support of its Motion, Defendant claims that Janet Karnes had no relationship with the RV Center and performed no work for it. In response, Plaintiff claims she performed work for RV Center on numerous occasions and was in fact its employee.

In Missouri, whether an entity qualifies as an employer under the FLSA is typically a question of law. *Donovan v. Trans World Airlines, Inc.*, 726 F.2d 415, 417 (8th Cir. 1984). The

2

Court, when determining whether a party was a joint employer of a Plaintiff, will consider the totality of the circumstances but will use four factors to guide its analysis: (1) whether the alleged employer had the power to hire and fire the Plaintiff; (2) whether the alleged employer supervised and controlled Plaintiff's work; (3) whether the alleged employer determined the rate and method of payment; and (4) whether the alleged employer maintained Plaintiff's employment records. *McLean v, Health Sys., Inc*, 2011 WL 2650272. at *2 (W.D. Mo. 2011); See also *Baker v. Stone Cnty., Missouri*, 41 F.Supp.2d 965, 980 (W.D. Mo. 1999); *Tolentino v. Starwood Hotels & Resorts Worldwide Inc.*, 473 S.W.3d 754, 757 (Mo. 2014). In certain circumstances, "an entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 70 (2d Circuit 2003).

**A. Background**

Defendant RV Center is jointly owned by Dan and Carol Kucsik. The RV Center is located adjacent to Happy Trails RV Park, LLC ("RV Park"), also jointly owned by the Kucsiks, where Janet Karnes worked. The RV Center is a full-service RV dealer which sells RVs, services RVs, and sells RV parts and accessories. The RV Center and the RV Park are incorporated and organized separately under the laws of Missouri. The businesses are located near Lebanon, Missouri.

The contacts between Plaintiff and the RV Center, as identified in the record, are limited. Plaintiff was occasionally directed to sell "RV Center stuff" in the RV Park store, and would walk next door to the RV Center to procure those items. She would also carry quarters from the RV Park laundry machines to the Kucsiks at the RV Center as need be, in fulfillment of a provision in the Park Manager Agreement (Doc. 93-1) requiring her to deliver to the owners the proceeds from the RV Park laundry machines.

3

**B. Analysis**

The analysis in this case is complicated by the close relationship between Happy Trails RV Center, Happy Trails RV Park, Daniel Kucsik, Carol Kucsik, and Janet Karnes. The Kucsiks are each half-owners of both the RV Park and the RV Center, and potentially had an employer-employee relationship with Janet Karnes through their ownership of the RV Park. Between 210 and 2016, Janet Karnes co-managed the RV Park with her husband, Fred Karnes. The question before the Court, however, is whether Happy Trails RV Center, Inc., a different enterprise than Happy Trails RV Park, LLC, also employed Janet Karnes.

Throughout Plaintiff's response to Defendant's Motion, Plaintiff speaks of the RV Center and the Kucsiks as interchangeable parties. Here, Plaintiff makes a fundamental mistake. The RV Center, although owned by the Kucsiks, is a distinct legal entity, sued by Plaintiff in its corporate capacity. Plaintiff correctly states that the Kucsiks play a role in determining her salary as manager of the RV Park, have the power to hire her, fire her, and supervise her work. However, the Court has determined after careful review of the record that the Kucsiks performed these tasks in their capacities as the owners of the RV Park, not as the owners of the RV Center. Every instance of control pointed to by the Plaintiff in support of her argument that she was an employee of the RV Center is wholly related to her work managing the RV Park and totally unrelated to the operation of the RV Center. Because there is no evidence that the Kucsiks' control of Janet Karnes is related to the RV Center, and after considering the totality of the circumstances, the Court rejects Plaintiff's contention that there is a genuine issue of material fact as to whether the RV Center is a joint employer of Janet Karnes.

Plaintiff's mistake is illustrated by the case of *Childress v. Ozark Delivery of Missouri, LLC* case, which she repeatedly cites in their opposition to Defendant's Motion. 95 F.Supp.3d

1130 (W.D. Mo. 2015). In that case, plaintiff brought an FLSA claim against Ozark Delivery ("Ozark") and Employer Advantage ("Advantage") as joint employers. Advantage, which performed back room human resources work for Ozark, argued it was not a joint employer because it did not exercise control over employees other than maintaining their personnel records. *Id.* The Court rejected Advantage's argument because (1) there was a "joint employer agreement" between the defendants and employees; (2) under that agreement, Advantage had an explicit right of direction and control over hiring, wages, and hours; and (3) by practice, Advantage and Ozark worked together on employment decisions. *Id.* at 1139-41. In the instant case, by contrast, Plaintiff has no agreement with the RV Center. There is nothing in the record establishing the RV Center's authority to hire, fire, or otherwise control the actions or compensation of Janet Karnes, nor is there evidence that the RV Park and the RV Center, as distinct legal entities, had any understanding that the labors of Janet Karnes would be shared between them. In short, every piece of evidence that led to the finding of a joint employer relationship in *Childress* is absent in this case.

Upon its own review of the record, the Court finds no basis to conclude that Janet Karnes was an RV Center employee. Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition is interpreted broadly. *Reich v. ConAgra, Inc.*, 987 F.2d 1257, 1360 (8th Cir. 1993). The record indicates that Janet Karnes was occasionally directed to put "RV Center stuff" in the RV Park store, and would walk over to the RV Center to order those items. She would also, on approximately a monthly basis, deliver quarters from the RV Park laundry machines and deliver them to the Kucsiks at their office in the RV Center. These actions, even viewed in the light most favorable to the non-moving party, do not come close to establishing a genuine issue of material fact as to whether Janet Karnes acted directly or indirectly in the interest of RV Center. These

5

actions were clearly party of Janet Karnes' work at the RV Park. While it may be true that the Kucsiks exercised control over Janet Karnes, they did so solely in their capacity as owners of the RV Park, not because of their relationship with the RV Center. Because the Court does not find a genuine issue of material fact as to whether the RV Center employed Janet Karnes under the FLSA and MWHL, the Court will grant RV Center's Motion for Summary Judgment against Janet Karnes on all counts.

## 2. Defendant Carol Kucsik's Motion for Summary Judgment

In their Petition, Plaintiffs Fred and Janet Karnes plead two FLSA and two MWHL claims against Defendant Carol Kucsik. The MWHL is generally interpreted in accordance with the FLSA. RSMo. § 290.505(4). In order to bring a minimum wage or overtime claim against an employer under the FLSA and MWHL, a plaintiff must be an employee of the defendant. *Childress v. Ozark Delivery of Missouri, LLC*, 95 F. Supp. 3d 1130, 1138 (W.D. Mo. 2015). The burden of proving that an employer-employee relationship existed rests on the employee. *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1360 (8th Cir. 1993). Carol Kucsik moves for summary judgment against Fred Karnes and Janet Karnes on the basis that she was not their employer. In support of their Motion, Defendant claims that she is named in this lawsuit only because she is a part-owner of RV Park and that, outside of showing Janet Karnes how to complete some paperwork in 2010, never controlled any significant aspect of Plaintiffs' alleged employment.

Employment status under the FLSA is usually a question of law for the Court to determine. *Donovan*, 726 F.2d, at 417. An employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA enables claims against individual supervisors as well as corporate employers. *Id.* The remedial purpose of the statute requires the Court to define "employer" more broadly than the term would be interpreted

under traditional common law principles of agency. *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). In addition, the FLSA contemplates situations where an employee has several simultaneous employers, each responsible for compliance with the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195. (1973). In this case, Plaintiffs allege that they had multiple employers, including the RV Center, the RV Park, and both of the Kucsiks. In joint employer scenarios such as this, courts within the Eighth Circuit consider the totality of the circumstances but begin with a review of four factors: (1) whether the alleged employer had the power to hire and fire the plaintiff; (2) whether the alleged employer supervised and controlled plaintiff's work schedules and conditions; (3) whether the alleged employer determine the rate and method of payment; and (4) whether the alleged employer maintained plaintiff's employment record. *McClean v. Health Sys., Inc.*, 2011 WL 2650272, at *2 (W.D. Mo. 2011). Courts must look to the economic realities of the circumstances, rather than traditional concepts of agency. *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961). The overarching concern throughout this analysis whether the alleged employer possessed the power to control significant aspects of the plaintiff's employment. *Jensen v. AT & T Corp.*, 2007 WL3376893, at *2 (E.D. Mo. 2007).

**A. Background**

Carol Kucsik co-owns the RV Park along with her husband. She keeps her office in the RV Center, which is adjacent to the RV Park. Carol Kucsik's day-to-day involvement with the RV Park appears to have been that of a bookkeeper, although she also trained Janet Karnes and was in a position to approve her and Fred Karnes' overtime hours. She also instructed Plaintiffs that, as part of their job, they were required to clean the bathrooms, a direction that Fred Karnes claims he obeyed. She recorded the collection of the washer and dryer money, and collected and inspected the green sheets that Janet Karnes submitted at the end of each day that recorded the financial

7

transactions at the RV Park. When she found discrepancies or an "out of balance situation" in the green sheets, she would contact and work with Janet Karnes to resolve it. Notably, she was present at the Karnes' sole hiring interview, although her role in the decision to hire them is otherwise unknown. Defendant also admitted to being "involved" in the creation of the Park Manager Agreement, although she did not herself sign it. The extent of her involvement in its creation is unclear. At some point, Defendant was part of a conversation between herself, Daniel Kucsik, and the Karnes' about a requested pay raise, although her precise role in the discussion and the subsequent decision regarding their compensation, is unclear.

The Park Manager Agreement gives the owners of the RV Park substantial control over Plaintiffs' work. The Plaintiffs needed partner approval before making any monthly rentals, making any modification to the park grounds or facilities, hiring other personnel, or taking any time off. The maintenance of the park was also subject to the partners' approval. The owners, acting through the RV Park LLC, had the option of terminating the managers at any time.

**B. Analysis**

After careful review of the record, the Court notes at the beginning that the arrangement between Fred and Janet Karnes and Dan and Carol Kucsik was unorthodox and, frankly, defies an easy application of the *McLean* factors. The record leaves many uncertainties as to the precise role of Carol Kucsik as owner of the RV Park, a result of hazy recollections and a dearth of recordkeeping over what was a six-year employment period. The Court, in considering the record, will rely on what is remembered and agreed upon between the parties, but will also make reasonable inferences derived from its understanding of the close personal and working relationship between both Carol and Daniel Kucsik and Fred and Janet Karnes.

8

Case 2:16-cv-04309-MDH    Document 133    Filed 01/08/19    Page 8 of 11

To the extent that the *McLean* factors can be applied, the Court finds that Carol Kucsik did have a level of control over the hiring and firing of Plaintiffs, as most clearly evidenced by the clause in the Park Manager Agreement giving the owners the power to fire the managers. As a matter of practice, her presence at Plaintiffs' hiring interview strongly suggests that she had a role in the hiring of Plaintiffs.

The second factor, concerning control of work schedule and conditions, also cuts in favor of Plaintiffs. On one hand, it is clear from the record that the Karnes generally had substantial leeway to run the RV Park as they saw fit. On the other hand, it is undisputed that Carol Kucsik supervised Janet Karnes' work on a regular basis and was empowered to approve or reject overtime requests for her and her husband. And even if she did not supervise Fred Karnes as closely as she supervised his spouse, she did direct him to clean the bathrooms on at least one occasion. Although the record is vague on the precise nature of Carol Kucsik's role in operating the RV Park, the Court finds it difficult to believe that she did not have further input into Fred Karnes' work as a result of her association with her husband, her role as co-owner, and her close proximity to the park. Lastly, her role in creating the Park Manager Agreement, which set out the work duties of both Plaintiffs, lends strong support to the notion that she exercised real control over their work conditions.

The third factor, concerning the rate and method of payment, cuts in Plaintiffs' favor to the extent that the rate and method of payment was set out in the Park Manager Agreement, which Defendant was involved in creating. There is also testimony from Fred Karnes that Carol Kucsik was involved in discussions about a raise in at least one instance.

The fourth factor cuts in neither parties' favor, because it does not appear in the record that employment records existed outside of the Park Manager Agreement.

9

Defendant, to support her contention that she was not an employer of Plaintiffs despite her substantial authority over them per the Park Manager Agreement, relies on *Wirtz v. Pub. Ice Co., Inc.*, 322 F.2d 259 (8th Cir. 2016). In *Wirtz*, a corporation's main stockholder was sued under the FLSA by employees alleging they were not paid what they were owed. *Id.* at 260. The stockholder argued he should be dismissed from the case because, despite his ownership, he was too remote from the operation of the company. The District Court accepted the stockholder's argument, and on appeal the Eighth Circuit affirmed the District Court. According to the Eighth Circuit, the record established that the stockholder lived in a different town than the employees, owned stock in many other businesses, left the matter of FLSA compliance to various managers, was wholly uninvolved with hiring, firing, and the conditions of employment, only visited the employees place of work two or three times a year, and was not even aware of a change in the company's management until months after the fact. *Id.* at 263. All of these factors led the Court to hold that the stockholder, despite being in a position to exert control over the employees if he wanted to, was not an employer under the FLSA. *Id.*

Defendants attempt to analogize the stockholder in *Wirtz* to Carol Kucsik by arguing that she was similarly too remote from the operation of the RV Park to be considered an employer of the Karnes. However, after careful review of the discussion in *Wirtz* and the record in this case, the Court is more struck by the differences between the two cases than by their similarities. Carol Kucsik, although she kept her office at the RV Center, worked in close proximity to the RV Park and as a result was certainly appraised of its operations. She was at least involved in hiring and compensation decisions. By her own testimony, she trained and interacted regularly with Janet Karnes, either in person or through the green sheets that she reviewed as bookkeeper. Although she was not a hands-on supervisor with either Fred or Janet Karnes, the Court considers there to

10

be a great difference between the stockholders relationship to his alleged employees in *Wirtz* and Carol Kucsik's relationship to the RV Park and, by extension, to Fred and Janet Karnes.

The Court is mindful of the fact that the FLSA is a remedial statute, and that "employer" should be defined broadly, with an emphasis on whether the employer possessed the power to control significant aspects of the Plaintiffs' employment and the economic realities of the circumstances. See *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33 (1961); *Donovan v. Tony & Susan Alamo Found.*, 722 F.2d 397, 400, n. 8 (8th Cir. 1983). After considering the totality of the circumstances, the Court finds that there is a genuine issue of material fact as to whether Carol Kucsik did, as a matter of economic reality, possess and exercise the power to control significant aspects of Plaintiffs' employment, and that she was not too remote from the operations of the RV Park to be considered the employer of Fred and Janet Karnes. For this reason, the Court will deny Defendant's Motion for Summary Judgment.

## CONCLUSION

For the reasons explained above, the Court hereby **GRANTS** Defendant Happy Trails RV Center, Inc.'s Motion for Summary Judgment on Counts 1-4 of Plaintiff Janet Karnes' First Amended Complaint (Doc. 106) and **DISMISSES** with prejudice claims by Janet Karnes against Happy Trails RV Center, Inc. in the above-captioned matter. The Court **DENIES** Defendant Carol Kucsik's Motion for Summary Judgment on all counts. (Doc. 108).

**IT IS SO ORDERED.**

DATED: January 8, 2019

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**